UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MARK ANTHONY FLORES, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | 1:26-cv-00240-LEW |
| | ) | |
| NATHAN THAYER, | ) | |
| | ) | |
| Respondent | ) | |

## RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION

Petitioner, pursuant to 28 U.S.C. § 2254, seeks relief from prison discipline that resulted in the loss of good time credits. (Petition, ECF No. 1.) The State asks the Court to dismiss the petition. (Response, ECF No. 3.)

After a review of the section 2254 petition, the State's request for dismissal, and the record, I recommend the Court grant the State's request and dismiss the petition.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In May 2025, Petitioner was sentenced to concurrent time on criminal charges and violations of his probation. (*See* WASCD-CR-2025-00004; WALCD-CR-2025-00029; PENCD-CR-2025-00508.) On January 8, 2026, incident reports were filed at the Maine State Prison alleging that Petitioner had violated the Department of Corrections' (hereinafter MDOC) disciplinary policy earlier on that date. (State Court Record at 22–27, ECF No. 4.) According to Petitioner and the incident reports, two staff members alleged violations for offensive touching and harassment. Petitioner did not assert what he contends occurred during the incident, but the attachments and the State Court Record

reveal that he disputes the allegations against him and contends that staff members acted inappropriately toward him.

On January 20, 2026, MDOC delivered a notice letter to Petitioner regarding the opportunity to attend a formal hearing later that day. (*Id.* at 28.) The form letter contained two columns. In the left column was option number one, which contained language stating that the prisoner waived the right to a formal hearing. In the right column was option number two, which contained language stating that the prisoner wishes to attend a hearing and waives the right to notice twenty-four hours in advance of the hearing. There is a strike through option number one, and the prisoner signature and date lines are blank. On option number two, Petitioner wrote "unable to sign" on the signature line and entered the date. (State Court Record at 28; Reply at 1, ECF No. 6.) At the bottom of the page, the hearing officer signed and dated on the designated line and wrote "waived 24 [hour] notice." (State Court Record at 28; Reply at 1.)

Petitioner attended a hearing where the two investigative officers testified and Petitioner provided his version of the incident. (State Court Record at 29; Reply at 1). Petitioner sought to have two other staff members testify, but the hearing officer declined his request, concluding that the testimony of the two other individuals would not have contradicted the filed reports of medical personnel. (State Court Record at 29.) The hearing officer found that it was more likely than not that Petitioner had committed the offenses and recommended sanctions of thirty days in disciplinary segregation, loss of thirty days of good time credits, and a ten-dollar fine. (State Court Record at 30–32.) Petitioner filed an internal appeal and argued that the hearing officer should have

considered the other witnesses and should have obtained security camera footage. (State Court Record at 34–39; Petition at 4.) The administrative appeal was denied. (State Court Record at 40.)

Petitioner later filed the § 2254 petition.

## DISCUSSION

A person in custody pursuant to the judgment of a state court may apply to a federal district court for a writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal courts will not consider habeas claims on the merits, however, unless several threshold requirements are satisfied. For example, a state prisoner must raise all available claims in a single application rather than in successive petitions, 28 U.S.C. § 2244(b), the federal petition generally must be filed within the federal one-year statute of limitations, *id.* § 2244(d), and a petitioner ordinarily must exhaust all available state remedies by "fairly present[ing] [each] claim in each appropriate state court (including a state supreme court with powers of discretionary review)," *Baldwin v. Reese,* 541 U.S. 27, 29 (2004) (quotation marks omitted).[1]

In addition, a federal court ordinarily may not review a claim that was disposed of in state court "pursuant to an independent and adequate state procedural rule," *Coleman v.*

[1] To exhaust a postconviction claim fully in Maine, a petitioner must request discretionary review by the Maine Law Court. *See* 15 M.R.S. § 2131. Because the Law Court's decisions are the final state court adjudications on the merits of each claim, the decisions ordinarily under review in federal district court are the Law Court's orders affirming the decisions of the trial court. However, if the Law Court's decision did not explain the reasons for denying relief, the federal court presumes the Law Court adopted the trial court's reasoning unless the State rebuts the presumption. *See Wilson v. Sellers*, 584 U.S. 122, 125–26 (2018).

*Thompson*, 501 U.S. 722, 750 (1991). A procedurally defaulted claim can be considered only if: (1) failing to consider it would cause "a fundamental miscarriage of justice" due to new evidence of "actual innocence" showing that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt," *Schlup v. Delo*, 513 U.S. 298, 327 (1995); or (2) "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law," *Coleman*, 501 U.S. at 750. Ineffective assistance of counsel at trial or on appeal can establish cause to set aside a procedural default, *id.* at 753–54, but because the constitutional right to counsel does not extend beyond the direct appeal, *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), ineffective assistance in a state postconviction proceeding generally cannot establish cause to set aside a procedural default, *Coleman*, 501 U.S. at 752–55.

Here, Petitioner does not challenge the legality of his conviction or sentence as imposed by the state court, but his petition is still governed by § 2254 because the loss of good time credits impacted the duration of his time in custody pursuant to the state court judgment. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)); *Gonzalez-Fuentes v. Molina*, 607 F.3d 864, 876 n.9 (1st Cir. 2010) (reaffirming the majority rule that § 2254 governs the claims of convicted state prisoners even if § 2241 also authorizes the petition). Petitioner acknowledges, however, that he did not exhaust the available state court remedies before filing the federal petition. Petitioner evidently initiated a state court post-sentencing proceeding around the same time he filed the petition with this Court, but he

did not allege that the state court proceedings (including all available appeals) were complete, and the timing implies that the proceedings were not complete.

Furthermore, while Maine law authorizes a post-sentencing proceeding to challenge an MDOC calculation of credits against a sentence for time in pre-judgment custody, 15 M.R.S. § 2121(2); 17-A M.R.S. § 2305, a post-sentencing proceeding in Maine "does not include . . . calculations of deductions pursuant to" the good time credit provisions, which provisions authorize disciplinary withdrawals of good time credits, 15 M.R.S. § 2121(2); 17-A M.R.S. §§ 2307, 2308. Prisoners wishing to challenge disciplinary sanctions withdrawing good time credits, therefore, must pursue "review in the Superior Court pursuant to M. R. Civ. P. 80C after exhausting the [MDOC] grievance process; they may not do so through a petition for post-conviction review." *Roderick v. State*, 2013 ME 34 ¶ 4 n.2, 79 A.3d 368, 370. Because Petitioner did not pursue and complete a Rule 80C challenge in the state courts, he did not fully exhaust the available state court remedies.

When one or more claims in a federal habeas petition are unexhausted, a federal court ordinarily must allow the petitioner to decide whether to dismiss the entire petition or voluntarily dismiss all unexhausted claims and proceed only with the exhausted claims, or (in limited circumstances) stay the federal proceedings until the petitioner exhausts all claims. *Rhines v. Weber*, 544 U.S. 269, 277 (2005); *Rose v. Lundy*, 455 U.S. 509, 510 (1982). However, because Maine law imposes a thirty-day deadline for a prisoner to file a Rule 80C challenge to a final disciplinary decision, 5 M.R.S. § 11002(3), and because the thirty-day deadline is jurisdictional, *Martin v. MDOC*, 2018 ME 103, ¶ 12, 190 A.3d 237, 241, there does not appear to be any further state court relief that is still "available." The

federal habeas claims, therefore, are deemed to be exhausted but procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991).

Petitioner has not established that there are any applicable exceptions to the procedural default rule. He has not raised any new evidence of actual innocence of the crimes of conviction, and he has not argued or shown that there is cause and prejudice to overcome the default. For example, because Petitioner had no constitutional right to effective assistance of counsel during the disciplinary proceeding or the Rule 80C process, a lack of effective counsel cannot establish cause for the default. *Id.* at 752–55.

Accordingly, Petitioner is not entitled to habeas relief.[2]

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2254 Cases. I recommend the Court dismiss Petitioner's petition for habeas relief under 28 U.S.C. § 2254, and that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2). I also recommend the Court deny as moot Petitioner's motion for relief.

## NOTICE

> A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen

[2] Portions of Petitioner's filings are difficult to decipher, including a document titled "Order for Relief." (ECF No. 5.) Because dismissal is appropriate, the motion is moot.

(14) days of being served with a copy thereof. A responsive memorandum and shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 12th day of November, 2026.